FILED

03 MAR 26 AM 9:30

U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
MAR 2 6 2003

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| JOHNNY EARL BAKER, | ] |
| Petitioner, | ] |
| vs. | ] CIVIL ACTION NO. 02-J-239-NE |
| WARDEN LYNN HARRELSON and THE ATTORNEY GENERAL FOR THE STATE OF ALABAMA, | ] |
| Respondents. | ] |

## MEMORANDUM OF OPINION

This is a petition for a writ of habeas corpus brought by a person in custody under a judgment of a court of the State of Alabama. 28 U.S.C. § 2254. The petitioner, Johnny Earl Baker, was convicted on June 24, 1998, in the Circuit Court of Morgan County, of distribution of cocaine. He was sentenced pursuant to Alabama's Habitual Felony Offender Act to life imprisonment, enhanced by five years under Ala. Code § 13A-12-250, because the drug sale occurred within three miles of a schoolyard.

On direct appeal, Baker argued that: 1) the evidence was insufficient to sustain his conviction; and 2) he was erroneously sentenced pursuant to the habitual felony offender act because there was no factual basis established for his three prior felonies. The Alabama Court of Criminal Appeals affirmed Baker's conviction and sentence on April 30, 1999, in a memorandum opinion. *Baker v. State*, 768 So.2d 1022 (Ala. Crim. App. 1999)(table). The

Alabama Court of Criminal Appeals overruled Baker's application for rehearing. *Id.* The Alabama Supreme Court denied Baker's petition for certiorari and issued a certificate of judgment on October 22, 1999. *Ex parte Baker*, 780 So.2d 812 (Ala. 1999)(table).

On January 27, 2000, Baker filed a Rule 32 petition in the Circuit Court of Morgan County, claiming that: 1) his conviction was obtained by a violation of the protection against double jeopardy; 2) his conviction was obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant; 3) the trial judge gave erroneous jury instructions, resulting in his being convicted of an offense charged in the indictment; and 4) he was denied the effective assistance of trial counsel and appellate counsel. Following a review of the pleadings, exhibits, and affidavits submitted by the parties, the circuit court entered a detailed order on October 3, 2000, setting out its reasons for denying Baker's petition for post conviction relief.

On appeal from the denial of his Rule 32 petition, Baker claimed that: 1) his conviction was obtained in violation of the prohibition against double jeopardy; and (2) the trial court gave erroneous jury instructions, so that he was convicted of an offense not charged in the indictment. The Alabama Court of Criminal Appeals affirmed the denial of Baker's petition on May 25, 2001. *Baker v. State*, 819 So.2d 87 (Ala. Crim. App. 2001). Baker's application for rehearing was denied on August 10, 2001. *Id.* The Alabama Supreme Court denied his petition for certiorari and issued a certificate of judgment on October 19, 2001. *Id.*

Baker has now filed a petition for a writ of habeas corpus in this court. In support of his petition, Baker claims that: 1) he was convicted in violation of the prohibition against double jeopardy; and 2) he was denied effective assistance of counsel at trial and on appeal.

In response to the court's order to show cause, the respondents have filed an answer in which they assert that the petition is due to be dismissed because the petitioner's claims are procedurally barred. The parties were advised that the respondents' answer would be treated as a motion for summary dismissal pursuant to Rule 8(a) of the Rules Governing Section 2254 Cases. In response, Baker has filed an unsworn traverse.

The petitioner's claims are barred by procedural default. The petitioner's double jeopardy claim is procedurally barred because Baker raised the claim on appeal from the denial of his Rule 32 petition and the Alabama Court of Criminal Appeals held that the claim was procedurally barred. The Eleventh Circuit Court of Appeals has addressed claims that have been presented to a state court and held to be barred as follows:

> The federal courts' authority to review state court criminal convictions pursuant to writs of habeas corpus is severely restricted when a petitioner has failed to follow applicable state procedural rules in raising a claim, that is, where the claim is procedurally defaulted. Federal review of a petitioner's claim is barred by the procedural default doctrine if the last state court to review the claim states clearly and expressly that its judgment rests on a procedural bar, *Harris v. Reed*, 489 U.S. 255, 263 (1989), and that bar provides an adequate and independent state ground for denying relief. *See Id.* at 262; *Johnson v. Mississippi*, 486 U.S. 578, 587 (1988). The doctrine serves to ensure petitioners will first seek relief in accordance with state procedures, see *Presnell v. Kemp*, 835 F.2d 1567, 1578-79 (11th Cir. 1988), *cert. denied*, 488 U.S. 1050 (1989), and to "lessen the injury to a State that results through reexamination of a state conviction on a ground that a State did not have the opportunity to address at a prior, appropriate time." *McCleskey v. Zant*, 499 U.S. 467, __, 111 S. Ct. 1454, 1470, 113 L. Ed. 2d 517 (1991).

3

*Johnson v. Singletary*, 938 F.2d 1166, 1173 (11th Cir. 1991). Thus, if a claim has been previously presented in some form to a state court, a federal habeas court may refuse to hear that claim only if the last state court rendering the judgment "clearly and expressly" stated that its judgment was based on procedural bar. *Harris v. Reed*, 489 U.S. 255, 263 (1989).

The Alabama Court of Criminal Appeals was the last state court to render a judgment on the petitioner's double jeopardy claim. In affirming the petitioner's conviction, the Alabama Court of Criminal Appeals found that:

> Baker's double-jeopardy claim is based on his contention that he cannot be prosecuted criminally for an offense as to which he had been previously subjected to civil asset forfeiture. This claim is precluded by Rule 32.2(a)(3) and 32.2(a)(5), because it could have been raised at trial and on appeal, but was not.

*Baker*, 819 So. 2d at 88. Clearly, the last state court to review this claim specifically held in its opinion, that the claim was procedurally barred. The court concludes that it is clear from the record that the last state court to review the sufficiency of the evidence claim "clearly and expressly" stated that its judgment rested on a procedural bar, which was independent and adequate under state law. *See Whiddon v. Dugger*, 894 F.2d 1266 (11th Cir. 1990). Hence, the petitioner's double jeopardy claim is procedurally barred from review in this court.

Likewise, the petitioner's ineffective assistance of counsel claim is procedurally barred. Although Baker raised the claim in his Rule 32 petition, he did not raise the claim on appeal from the denial of that petition. In *Collier v. Jones*, 910 F.2d 770 (11th Cir. 1990), the petitioner raised claims in his federal habeas petition that had been raised in a state coram nobis petition but had not been argued to the Alabama Court of Criminal Appeals on appeal

4

from the denial of the petition. The court reasoned that the claims were not fully exhausted because "the state court that is usually the final arbiter of such collateral attacks on criminal convictions [the Alabama Court of Criminal Appeals] was not afforded a fair opportunity to rule on them." *Collier*, 910 F.2d at 773. Such claims are deemed, in essence, to be unexhausted because exhaustion requires an appeal from the state court's denial of post-conviction relief. *Leonard v. Wainwright*, 601 F.2d 807 (5th Cir. 1979). The court in *Collier* further determined that because the petitioner was barred by state procedural rules from presenting the claims again in state court, it was futile to dismiss the claims to allow him to fully exhaust them. The court then found that the claims were:

> presented to the federal courts in a posture analogous to claims that have never been presented to a state court, and which have become procedurally barred under state rules. Under such circumstances this circuit has held that *Harris* [*v. Reed*, 489 U.S. 255 (1989)] does not preclude a federal court from finding the claims procedurally barred. *See Parker v. Dugger*, 876 F.2d 1470 (11th Cir. 1989) (Holding, post-*Harris*, that where dismissal to allow exhaustion of un-exhausted claims would be futile due to state procedural bar, claims are considered procedurally barred in federal court.). Following this precedent, we hold [petitioner's] two claims . . . are procedurally defaulted.

*Collier*, 910 F.2d at 773.

It is undisputed that the petitioner failed to raise this claim on appeal to the Alabama Court of Criminal Appeals after the trial court's denial of his Rule 32 petition. As in *Collier*, the petitioner here has failed to exhaust state remedies. Moreover, he is now procedurally barred from raising these claims in state court because another state petition would be barred as successive. *See Whitt v. State*, 827 So. 2d 869 (Ala. Crim. App. 2001). Dismissing this petition to allow him to exhaust would be futile because his claims are now barred under

state law. Thus, under the authority of *Collier*, the petitioner is procedurally barred from raising his ineffective assistance of counsel claim in federal court, absent a showing of adequate cause for and prejudice from his failure to raise these issues on appeal to the Alabama Court of Criminal Appeals after the trial court's denial of the state habeas petition. *See Whiddon v. Dugger*, 894 F.2d 1266 (11th Cir. 1990).

If a petitioner has procedurally defaulted on a constitutional claim, he is barred from litigating that claim in a federal habeas corpus proceeding unless he can show adequate "cause" for and "actual prejudice" from the default. *Engle v. Isaac,* 456 U.S. 107 (1982); *Wainwright v. Sykes,* 433 U.S. 72 (1977). The "cause and prejudice" test of *Engle v. Isaac* and *Wainwright v. Syke*s is in the conjunctive. Therefore, the petitioner must prove both cause and prejudice to excuse his procedural default.

The United States Supreme Court summarized the "cause and prejudice" standard:

> In *Wainwright v. Sykes*, 433 U.S. 72 (1977), this Court adopted the "cause and prejudice" requirement of *Francis v. Henderson*, [425 U.S. 536 (1976)], for all petitioners seeking federal habeas relief on constitutional claims defaulted in state court. The *Sykes* Court did not elaborate upon this requirement, but rather left open "for resolution in future decisions the precise definition of the 'cause'-and-'prejudice' standard." 433 U.S. at 87, 53 L. Ed. 2d 594, 97 S. Ct. 2497. Although more recent decisions likewise have not attempted to establish conclusively the contours of the standard, they offer some helpful guidance on the question of cause. In *Reed v. Ross*, 468 U.S. 1, 82 L. Ed. 2d 1, 104 S. Ct. 2901 (1984), the Court explained that although a "tactical" or "intentional" decision to forgo a procedural opportunity normally cannot constitute cause, *id.,* at 13-14, 82 L. Ed. 2d 1, 104 S. Ct. 2901, "the failure of counsel to raise a constitutional issue reasonably unknown to him is one situation in which the [cause] requirement is met." *Id.,* at 14, 82 L. Ed. 2d 1, 104 S. Ct. 2901. The Court later elaborated upon *Ross* and stated that "the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded

6

> counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). We explained that "a showing that the factual or legal basis for a claim was not reasonably available to counsel, . . . would constitute cause under this standard." *Ibid.*

*Amadeo v. Zant*, 486 U.S. 214, 221-22 (1988).

The petitioner must also demonstrate that he was prejudiced; he must show "not merely that the errors . . . created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions" (emphasis in original). *United States v. Frady*, 456 U.S. 152, 170 (1982). A federal habeas court, however, will consider a procedurally defaulted claim in the absence of cause, if a "fundamental miscarriage of justice" has "probably resulted in the conviction of one who is actually innocent." *Smith v. Murray*, 477 U.S. 527, 537-38 (1986) (*quoting, respectively, Engle*, 456 U.S. at 135, and *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

The petitioner alleges that "[i]t was no fault of the petitioner that these issues were not raised at trial or on appeal." To the extent that Baker may be attempting to blame his attorneys for failing to raise his double jeopardy claim at trial or on direct appeal, he cannot succeed. Although ineffective assistance of counsel may constitute cause to excuse a procedural default, the claims of ineffective assistance of counsel must not have been defaulted in state court, *Hill v. Jones*, 81 F.3d 1015, 1030 (11th Cir. 1996), and the attorney error must rise to the level of a constitutional violation in order to provide the necessary cause. *McCleskey v. Zant*, 499 U.S. 467, 494 (1991). Because Baker has also defaulted his ineffective assistance of counsel claim, he may not use that claim as cause to excuse his

7

procedural default. The petitioner has offered nothing to excuse the procedural default of his ineffective assistance of counsel claim. Since Baker appealed the denial of his Rule 32 petition *pro se*, he is unable to blame the default of that claim on an attorney.

Baker also makes the conclusory allegation that it would be a fundamental miscarriage of justice for this court not to hear his claims. However, in order to meet the requirements of the "fundamental miscarriage of justice" exception, the petitioner must prove that he is "actually innocent" of the crime for which he was convicted. In *Schlup v. Delo*, 513 U.S. 298 (1995), the Supreme Court elaborated on the fundamental miscarriage of justice exception and the necessity of showing innocence. To meet this exception, the petitioner "must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup*, 513 U.S. at 327. The standard focuses on the *actual* innocence of the petitioner. As the Supreme Court explained:

> Instead, the emphasis on "actual innocence" allows the reviewing tribunal also to consider the probative force of relevant evidence that was either excluded or unavailable at trial. Indeed, with respect to this aspect of the *Carrier* standard, we believe that Judge Friendly's description of the inquiry is appropriate: the habeas court must make its determination concerning the petitioner's innocence "in light of all the evidence, including that alleged to have been illegally admitted (but with due regard to any unreliability of it) and evidence tenably claimed to have been wrongfully excluded or to have become available only after trial."

*Id.* at 327-28 (*Quoting* Friendly, *Is Innocence Irrelevant? Collateral Attack on Judgment*, 38 U.Chi.L.Rev. 142, 160 (1970)).

Baker has offered nothing to support a claim that he is actually innocent of the crime for which he was convicted. Thus, he cannot meet the fundamental miscarriage of justice

exception. Because Baker has failed to establish cause and prejudice, and has failed to demonstrate that he is factually innocent, his procedural default cannot be excused. Thus, Baker is procedurally barred from raising these claims in this court, and the claims are due to be dismissed.

     An appropriate order will be entered.

     DONE this _25_ day of March, 2003.

                               INGE P. JOHNSON
                               UNITED STATES DISTRICT JUDGE